UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

        Plaintiff,

v.

        Case Number 10-11676
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk
        Magistrate Judge Laurie J. Michelson

SEAN LOCKHART, CFA Administrative
Assistant, THOMAS BIRKETT, SMF Warden
RAY BOWERSON, Resident Unit Manager,
MICHAEL KRAJNIK, Resident Unit Manager,
SARAH BEARSS, Assistant Resident Unit
Supervisor, KENNETH WERNER, Assistant
Resident Unit Supervisor, CHERYL BERRY,
General Office Assistant/Mailroom Clerk,
CATHERINE S. BAUMAN, LMF Warden,
and JERI-ANN SHERRY, Regional Prison
Administrator,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

On August 25, 2011, the plaintiff filed a motion for Clerk's entry of default against defendant Werner and Sherry based on their failure to plead or otherwise defend against his administrative-segregation due process claim. The plaintiff's motion is premature and will be denied. Because the case has been referred to Magistrate Judge Laurie J. Michelson to ready the matter for trial, the Court will temporarily withdraw the case reference, deny the plaintiff's motion, and re-instate the order referring the case to Magistrate Judge Laurie J. Michelson.

Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default, of course, is not proper until the time allowed for filing a responsive pleading has passed. *See*

*Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 773 (6th Cir. 2000); *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989).

Federal Rule of Civil Procedure 12 establishes the deadlines for filing an answer to a complaint. When a defendant files a dispositive motion before filing an answer, the defendant's deadline for filing an answer is extended until fourteen days after the defendant's receipt of notice that the Court has adjudicated the defendant's motion. Fed. R. Civ. P. 12(a)(4)(A). The Court entered its order granting in part and denying part the defendants' motion for summary judgment on September 30, 2011. Defendants Werner and Sherry have until October 14, 2011 to file an answer to the plaintiff's complaint. The plaintiff's motion for entry of default is premature and, therefore, will be denied.

Accordingly, it **ORDERED** that the order referring this case to Magistrate Judge Laurie J. Michelson for general case management [dkt. # 14] is **TEMPORARILY VACATED**.

It is further **ORDERED** that the plaintiff's motion for Clerk's entry of default [dkt. #85] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the order referring this case to Magistrate Judge Laurie J. Michelson for general case management [dkt. #14] is **RE-INSTATED**.

        s/David M. Lawson  
        DAVID M. LAWSON  
        United States District Judge

Dated: October 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL
