UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

        Plaintiff,

v.

SEAN LOCKHART, CFA Administrative
Assistant, THOMAS BIRKETT, SMF Warden
RAY BOWERSON, Resident Unit Manager,
MICHAEL KRAJNIK, Resident Unit Manager,
SARAH BEARSS, Assistant Resident Unit
Supervisor, KENNETH WERNER, Assistant
Resident Unit Supervisor, CHERYL BERRY,
General Office Assistant/Mailroom Clerk,
CATHERINE S. BAUMAN, LMF Warden,
and JERI-ANN SHERRY, Regional Prison
Administrator,

        Defendants.

Case Number 10-11676
Honorable David M. Lawson
Magistrate Judge Michael J. Hluchaniuk
Magistrate Judge Laurie J. Michelson

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO CORRECT AND CLARIFY THE COURT'S SEPTEMBER 30, 2011 OPINION AND ORDER

The matter is before the Court on the defendants' motion to correct and clarify the Court's September 30, 2011 opinion and order adopting in part and rejecting in part Magistrate Judge Hluchaniuk's Report and Recommendation, adopting Magistrate Judge Michelson's Report and Recommendation, overruling defendants' objections to Report and Recommendation, overruling in part plaintiff's objections, granting in part and denying in part defendants' first motion for summary judgment, denying defendant Werner's second motion for summary judgment, and continuing order of reference. The defendants ask the Court to (a) correct its September 30, 2011 opinion and order to reflect that defendant Werner did in fact obtain leave to file a second motion for summary judgment; (b) clarify its order regarding the administrative-segregation due-process claim; (c)

correct the docket to reflect that defendants Lockhart, Bowerson, and Berry are terminated from this case.

In its September 30, 2011 opinion and order, the Court stated that defendant Werner did not obtain permission to file a second motion for summary judgment in violation of Local Rule 7.1(b)(2). The defendants argue that defendant Werner did not violate Local Rule 7.1(b)(2) because he sought and received leave to file a second motion for summary judgment. The defendants are correct in pointing out that defendant Werner sought leave to file a second motion for summary judgment, *see* Mot. for Leave to File a Second Motion for Summary Judgment [dkt. #58], and that Magistrate Judge Hluchaniuk granted defendant Werner permission to file a second motion for summary judgment on March 1, 2011. The Court notes that, although he eventually received permission to file a second motion for summary judgment, defendant Werner filed his second motion before leave to do so was granted.

The defendants also ask the Court to clarify its holding with respect to the administrative-segregation due-process claim against defendant Sherry. The defendants' request is moot because the Court filed an order on October 13, 2011 clarifying the September 30, 2011 opinion and order. In their motion, the defendants urge the Court to dismiss the administrative-segregation due-process claim against defendant Sherry, despite the defendants' failure to raise the issue in their motion for summary judgment, because the plaintiff allegedly did not exhaust his administrative remedies against defendant Sherry. Their argument fails for several reasons. First, it is improper to ask the Court to consider an argument not raised in the initial motion or presented to the magistrate judge. The defendants' motion for summary judgment did not address whether the plaintiff exhausted his administrative remedies with respect to his administrative-segregation due-process claim against

defendant Sherry. Rather, it argued that the plaintiff failed to exhaust his administrative remedies with respect to his First Amendment retaliation and mail restriction claims against defendants Bauman and Sherry. The magistrate judge conducted a thorough analysis of the arguments presented in the defendants' motion, and the Court conducted a *de novo* review after receiving the magistrate judge's Report and Recommendation. Arguments not raised before the magistrate judge are considered waived, *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010), and addressing the defendants' failure-to-exhaust argument now would allow them to effectively file a second motion for summary judgment without seeking leave from the Court to do so.

Second, even if the Court were to consider the defendants' argument, the defendants have not offered any evidence to support their argument that the plaintiff failed to exhaust his administrative remedies. As the Court noted in its September 30, 2011 opinion and order, the failure-to-exhaust affirmative defense "may serve as a basis for dismissal only if raised and proven by the defendants." September 30, 2011 opinion and order at 13 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). The defendants failed to raise or prove the plaintiff's failure to exhaust administrative remedies with respect to the administrative-segregation due-process claim in their motion for summary judgment, and they have failed to provide any evidence that the plaintiff failed to exhaust his administrative remedies in their current motion.

The defendants also ask the Court to correct the docket sheet to indicate that defendants Lockhart, Bowerson, and Berry are terminated from this action. The plaintiffs' claims against defendants Lockhart, Bowerson, and Berry were dismissed in the Court's September 30, 2011

opinion and order. Therefore, the Court will correct the docket sheet to indicate that those defendants are terminated from this action.

Accordingly, it is **ORDERED** that the defendants' motion to correct and clarify the Court's September 30, 2011 opinion and order [dkt. #92] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the Court's September 30, 2011 opinion and order is **AMENDED** to indicate that defendant Werner received permission to file a second motion for summary judgment on March 1, 2011, six days after filing his second motion for summary judgment.

It is further ordered that the defendants' request to clarify the Court's September 30, 2011 opinion and order is **DENIED as moot**.

It is further **ORDERED** that the docket sheet will be corrected to reflect that defendants Lockhart, Bowerson, and Berry have been terminated from this action.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL