UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

                Plaintiff,                        Civil Action No. 10-cv-11676

       v.                                 District Judge David M. Lawson
                                          Magistrate Judge Laurie J. Michelson

SEAN LOCKHART, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT BERRY'S MOTION FOR SUMMARY JUDGMENT [74]

Plaintiff Timothy Murphy ("Plaintiff" or "Murphy"), a Michigan Department of Corrections ("MDOC") prisoner proceeding *pro se*, brought this case pursuant to 42 U.S.C. § 1983 alleging that former or current MDOC employees Sean Lockhart, Thomas Birkett, Ray Bowerson, Michael Krajnik, Sarah Bearss, Kenneth Werner, Cheryl Berry, Catherine Bauman, and Jeri Ann Sherry violated his rights secured by the First and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 under 42 U.S.C. § 1983 and the Michigan Constitution.  On August 5, 2010, all defendants except Cheryl Berry filed a motion for summary judgment which the District Court recently decided.  (Dkt. 90.)  Presently before this Court for Report and Recommendation is Defendant Cheryl Berry's Motion for Summary Judgment. (Dkt. 74, Def.'s Mot. Summ. J.; Dkt. 14, Order of Ref.)

For the following reasons, this Court RECOMMENDS that Defendant's Motion be GRANTED.

# I. BACKGROUND

## A. Facts

Plaintiff is presently an inmate at the Ionia Maximum Correctional Facility (ICF), but when the events underlying this suit took place, he was a prisoner at Kinross Correctional Facility (KCF), Chippewa Correctional Facility (UCF), and Standish Maximum Correctional Facility (SMF).  (Dkt. 77, Pl.'s Resp. to Def.'s Mot. Summ. J. at 1.)

As detailed in other reports and recommendations and opinions in this case, in March 2007, Plaintiff attempted to execute an elaborate escape plan from the Kinross Correctional Facility in Kincheloe, Michigan.   (Dkt. 54, Report and Recommendation; Dkt. 78, Report and Recommendation; Dkt. 90, Opinion and Order.)  Subsequent to the discovery of this escape attempt (i.e., a tunnel that Murphy and his cellmates dug from their cell to the outer perimeter of KCF), prison officials transferred Plaintiff to Chippewa Correctional Facility, and reclassified Plaintiff to administrative segregation.  (Dkt. 44, Pl.'s Resp. to Def. Werner's 2d Mot. Summ. J. at Ex. 1.)

On May 2, 2007, Plaintiff transferred into the Standish Maximum Correctional Facility ("SMF").  (Dkt. 68, Pl.'s Resp. to Def. Werner's 2d Mot. Summ. J. at 5.)  Defendant Berry worked as a general office assistant and mail room clerk at SMF.  (Dkt. 74, Def. Berry's Mot. Summ. J. at 1.)  On August 22, 2008, Defendant Berry issued a Notice of Package/Mail Rejection on a book ordered by Plaintiff from the Power of Prophecy Ministries entitled, *Codex Magica: Secret Signs, Mysterious Symbols, and Hidden Codes of the Illuminati* per MDOC Policy Directive 05.03.118 because of its coded material.  (*Id*. at 1-2, 24.)  Pursuant to policy, that decision led to a hearing and further review which ultimately resulted in the book being placed on the MDOC Restricted

Publications List as a threat to prison safety and security and the rehabilitation of prisoners – because it contained information on how to write letters in code. (Dkt. 54 at 24-25.) Plaintiff claims Defendant Berry's rejection of this book violated his First Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

### B.  Procedural History

Plaintiff brought this prisoner civil rights case *pro se* and *in forma pauperis* on April 24, 2010. (Dkt. 1, Pl.'s Compl. at 1.) Defendants Werner, Bauman, Bearss, Birkett, Bowerson, Krajnik, Lockhart and Sherry filed a Motion for Summary Judgment on August 4, 2010. (Dkt. 28, Defs.' Mot. Summ. J.) Magistrate Judge Hluchaniuk issued a Report and Recommendation on that Motion on January 1, 2011. (Dkt. 54.) Defendant Werner filed a Second Motion for Summary Judgment on February 22, 2011. (Dkt. 59, Def. Werner's 2d Mot. Summ. J.) This Court issued a Report and Recommendation on that Motion on July 29, 2010. (Dkt. 78.) On September 30, 2011, District Judge David M. Lawson issued an Opinion and Order Adopting in Part and Rejecting in Part Judge Hluchaniuk's Report and Recommendation and Adopting this Court's Report and Recommendation. (Dkt. 90, Opinion and Order.) Defendant Berry now moves for summary judgment as well.

## II. ANALYSIS

### A.  Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the

3

light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

### B. Defendant Berry is Entitled to Dismissal of Plaintiff's RLUIPA Claim

Plaintiff's complaint alleges that the rejection of *Codex Magica* by Defendant Berry under MDOC Policy Directive 05.03.118 violates his rights under RLUIPA. MDOC Policy Directive 05.03.118 (HH) states: "Prisoners are prohibited from receiving mail that is a threat to the security, good order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the prisoner." (Dkt. 1, Pl. Compl. at Ex. C.)

RLUIPA prohibits the imposition by any government of a "substantial burden on the religious exercise" of a prisoner, unless the government can show that such imposition is the least restrictive means of furthering a compelling government interest:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates

4

that imposition of the burden on that person –

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.A. § 2000cc-1(a).[1]

In his September 30, 2011 Opinion and Order on the other defendants' motion for summary judgment, District Judge Lawson addressed Plaintiff's RLUIPA claim as it pertained to the *Codex Magica* book. Judge Lawson explained that, "[a]n action of a prison official 'will be classified as a substantial burden when that action forced an individual to choose between following the precepts of [his] religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" (Dkt. 90, Opinion and Order) (citations omitted); *Hayes v. Tennessee*, 424 F. App'x 546, 554-55 (6th Cir. 2011) (quoting *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (internal quotation marks omitted). He further recognized that "'prison security is a compelling state interest' and 'deference is due to institutional officials' expertise in this area.' *Hayes*, 424 F. App'x at 554 (quoting *Cutter*, 544 U.S. at 725 n.13). The RLUIPA does not subjugate a correctional facility's 'need to maintain order and safety' to the 'accommodation of religious observances.' *Cutter*, 544 U.S. at 722." (Dkt. 90.) Applying this law, Judge Lawson ruled that:

The plaintiff has not been forced to choose between following the tenets of his religion and forfeiting benefits; nor did the mail rejection place substantial pressure on the plaintiff to modify his behavior and to violate his beliefs. Even if the mail rejection placed a substantial

---

[1] Under RLUIPA, the initial burden of showing a substantial burden on a religious practice lies with the plaintiff. 42 U.S.C. § 2000cc-2(b). The burden then shifts to the government to demonstrate that the compelling interest test is satisfied. *Id.*

> burden on the plaintiff, the rejection was justified by a legitimate penological interest in preventing texts containing instructions on how to write in code from entering the prison. The plaintiff's objection to dismissal of his RLUIPA claim is overruled and that part of the magistrate judge's recommendation is adopted.

(*Id.* at 24-25.)

Based on this ruling, Defendant Berry's mail rejection did not place a substantial burden on Plaintiff to modify his behavior or violate his beliefs and therefore, Defendant Berry's Motion for Summary Judgment with regard to Plaintiff's RLUIPA claim should be granted.

### C. Defendant Berry is Entitled to Dismissal of Plaintiff's First Amendment Free Exercise Claim

Plaintiff's complaint also raises a First Amendment challenge to the rejection of *Codex Magica* by Berry under MDOC Policy Directive 05.03.118 as a violation of his free exercise rights. In *Turner v. Safley*, 482 U.S. 78, 96 L. Ed. 2d 64, 107 S. Ct. 2254 (1987), the U.S. Supreme Court set forth the standard governing a claim that a prison regulation violates an inmate's First Amendment rights to free speech or free exercise of religion. The Supreme Court articulated a four-factor test to determine if the regulation as applied to the prisoner was *reasonably related to a legitimate penological interest*: 1) There must be a valid, rational connection between the regulation and the legitimate governmental interest; 2) There are alternative means of exercising the right that remain open to the inmate; 3) The impact that accommodation of the asserted right will have on guards and other inmates; and 4) There are ready alternatives available that fully accommodate the prisoner's rights at a de minimis cost to the valid penological interests. *Turner*, 482 U.S. at 89-91.[2]

---

[2] This is not a "least restrictive alternative" test. *Marr v. Caruso*, 2008 U.S. Dist. LEXIS 85163 at *11 (W.D. Mich. Aug. 22, 2008). "Instead, the issue is simply whether the policies at issue are reasonably related to a legitimate penological interest." *Id.* Therefore, the standard under RLUIPA is a higher standard that the reasonableness standard under the First Amendment. *Id.*

Judge Lawson's Opinion also dealt with this issue.  He found that:

> It is without question that a prison has a legitimate penological interest in limiting prisoners' access to books that include instructions on how to write in code. The safety and security of other prisoners and the prison staff depend on it. The only way to protect this interest is to reject the *Codex Magica.*

(Dkt. 90 at 26).  For these same reasons, Defendant Berry is also entitled to summary judgment on Plaintiff's free exercise claims.

### C. Defendant Berry is Entitled to Dismissal of Plaintiff's First Amendment Free Speech Claim

As to Plaintiff's free speech claims, while prisoners have the right to receive mail from outside sources, this right is balanced against the prison's interest in operating a safe and secure prison.  *Turner*, 428 U.S. at 85.  As Judge Lawson stated, "'[a] prisoner retains only those First Amendment rights 'that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" (Dkt. 90, Opinion and Order at 27); *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  And, as he already ruled, "the defendant prison officials had a legitimate penological objective in censoring the *Codex Magica*. The plaintiff's free speech claim, therefore, must be dismissed."  (*Id.*)  Thus, as  Defendant Berry had a legitimate penological objective in rejecting *Codex Magica,* this Court recommends granting her  Motion for Summary Judgment on this claim.

### C. Defendant Berry is Entitled to Dismissal of Plaintiff's Due Process Claim

To the extent that Plaintiff brings a due process claim against Defendant Berry, this claim should also be dismissed.  Pursuant to the reasoning in both Magistrate Judge Hluchaniuk's Report and Recommendation and Judge Lawson's Opinion and Order, Plaintiff has not proven a lack of post-deprivation remedies with respect to Defendant Berry's rejection of the *Codex Magica*.  (Dkt.

7

54, Report and Recommendation at 27-29; Dkt. 90, Opinion and Order at 27.)  As such, Defendant Berry's Motion for Summary Judgment should be granted.

## III.  RECOMMENDATION

For the foregoing reasons, this Court RECOMMENDS that Defendant's Motion be GRANTED.

## IV.  FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  October 18, 2011

8

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document  was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 18, 2011.

s/Jane Johnson                                  
Deputy Clerk