UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY MURPHY,

        Plaintiff,

v.

THOMAS BIRKETT, SMF Warden,
MICHAEL KRAJNIK, Resident Unit Manager,
SARAH BEARSS, Assistant Resident Unit
Supervisor, KENNETH WERNER, Assistant
Resident Unit Supervisor, CHERYL BERRY,
General Office Assistant/Mailroom Clerk,
and JERI-ANN SHERRY, Regional Prison
Administrator,

        Defendants.
_____/

Case Number 10-11676
Honorable David M. Lawson
Magistrate Judge Michael J. Hluchaniuk
Magistrate Judge Laurie J. Michelson

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING DISCOVERY — GRANTING DEFENDANTS' MOTION FOR LEAVE TO DEPOSE PLAINTIFF, DENYING AS PREMATURE PLAINTIFF'S MOTION TO COMPEL DISCOVERY, AND SETTING INITIAL SCHEDULE FOR WRITTEN DISCOVERY**

On November 4, 2011, Magistrate Judge Laurie J. Michelson entered an order that, among other things, denied without prejudice the plaintiff's motion to compel discovery. In reaching her conclusion, the magistrate judge indicated that she would not require the plaintiff to comply with Federal Rule of Civil Procedure 37(a)(1) because the defendants regularly failed to comply with Local Rule 7.1(a)'s requirement that a party seek concurrence in his proposed motion before filing the motion.

Federal Rule of Civil Procedure 37(a)(1) requires a party seeking to move for an order compelling disclosure or discovery to certify that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to

obtain it without court action." Fed. R. Civ. P. 37(a)(1). Federal Rule of Civil Procedure 37(a) serves an important function in reducing "'the burden on the court and . . . the unnecessary expenditure of resources by litigants through promotion of informal, extrajudicial resolution of discovery disputes.'" *Shinn v. Baxa Corp.*, No. , 2011 WL 2472663, at *6 (D. Nev. June 21, 2011) (quoting *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993)). Similarly, Local Rule 7.1 requires movants to seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must certify that "despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference." LR 7.1(a)(2)(B).

The Court has referred this case to the magistrate judge to conduct all pretrial proceedings. That task is a large responsibility, and the magistrate judge enjoys substantial discretion in discharging those duties and dealing with the parties. It appears that when addressing discovery matters, the magistrate judge has relaxed the requirements of LR 7.1(a)(2)(B), as may sometimes be appropriate. However, the Court believes that the better practice is to require strict compliance with both LR 7.1(a)(2)(B) and Rule 37(a)(1). The Court reads those rules as requiring that a good-faith effort be made to obtain concurrence, which normally involves actual contact with an opposing counsel or party. If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference. All of that must be documented specifically in the motion papers.

The Court is mindful that when counsel must deal with a *pro se* party unfamiliar with conventional customs and courtesies, personal contact sometimes may be difficult or strained. However, that potential inconvenience does not warrant dispensing with a rule that encourages communication and negotiation pointed to a resolution of the interim and ultimate disputes that the parties bring to the court. Relaxing the rule that mandates contact and communication is counterproductive, especially in such cases.

The Court cannot find that the magistrate judge's order absolving the plaintiff from compliance with Local Rule 7.1(a) amounts to clear error. However, the Court believes it is unwise and it departs from this Court's general practice. Consequently, the Court will overrule the defendants' objection, but urge the magistrate judge to reconsider her decision to relax the application of LR 7.1(a)(2)(B) and Rule 37(a)(1). It is the Court's preference that all parties be required to adhere to both the letter and spirit of those rules.

Accordingly, it is **ORDERED** that the defendants' objections to Magistrate Judge Laurie J. Michelson's November 4, 2011 order regarding discovery are **OVERRULED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 28, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL